IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY RAY TRATREE | § | |
|    *Plaintiff* | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-03-954 |
| B.P. (North America) Pipelines, Inc., | § | |
| Kelly Gleason, & Roy Bowden | § | |
|    *Defendants* | § | |

## PLAINTIFF'S PRELIMINARY EXPERT REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Billy Ray Tratree, serves this preliminary expert report of Plaintiff's testifying witness, Bill Hale. Plaintiff reserves the right to supplement this report. Also, Plaintiff reserves the right to supplement this document with additional preliminary expert reports.

Mr. Hale's preliminary expert report is attached.

Respectfully submitted,

**Law Offices of Gary L. Bledsoe & Associates**

By: _/s/ Gary L. Bledsoe w/permission_
Gary L. Bledsoe
State Bar No. 02476500
316 West 12th Street, Suite 307
Austin, Texas 78701
Telephone: (512) 322-9992
Facsimile: (512) 322-0840

## Certificate of Service

I hereby certify that a true and correct copy of the attached document has this day been sent via facsimile and First Class U.S. mail to counsel for Defendants at the addresses listed below.

Monica Oathout
Schwartz, Junell, Campbell & Oathout, L.L.P.
909 Fannin, Suite 2000
Houston, Texas 77010
Facsimile: (713) 752-0327

February 10, 2004

*Gary L. Bledsoe w/permission*
Gary L. Bledsoe



## BILL HALE & ASSOCIATES
*Equal Employment & Housing Solutions*

## PRELIMINARY EXPERT WITNESS REPORT

## BILLY RAY TRATREE v B.P. (NORTH AMERICA) PIPELINES, INC., KELLY GLEASON & ROY BOWDEN

I have been retained by Gary Bledsoe and Associates, the firm representing Billy Ray Tratree in the above referenced cause of action. This is a preliminary report, pending additional documents.

I have 26 years of experience in enforcing laws prohibiting employment discrimination as Executive Director of Human Rights Commissions including the Fort Worth, Texas, Commission and the Texas Commission on Human Rights. In this capacity, I have directed investigations and final administrative determinations on over 20,000 cases of employment discrimination. I authored the Fort Worth ordinance prohibiting employment discrimination. Also, I authored the Texas Commission on Human Rights Act and assisted in securing its passage by the Texas Legislature. I have been a consultant to the U.S. Equal Employment Opportunity Commission and to local and state Commissions enforcing laws prohibiting employment discrimination. I have designed training programs on compliance with employment discrimination laws for managers and supervisors and conducted hundreds of training sessions for both public and private employers. I have conducted workshops and seminars extensively on employment discrimination and civil rights laws both nationally and internationally. I have designed affirmative action programs and consulted with employers on their implementation. I have testified as an expert witness on employment discrimination cases and affirmative action programs while Executive Director of the Texas Commission on Human Rights and subsequent to my retirement when I formed Bill Hale and Associates. I was responsible for determining if personnel policies and procedures, as well as their application, complied with laws prohibiting employment discrimination for public and private employers. I have served two terms as President of the International Association of Official Human Rights Agencies. I currently serve as Chairman of the Austin Human Rights Commission, which enforces a law prohibiting employment.

## DOCUMENTS

In preparing this preliminary report I have received and reviewed the following documents:

1. Statements by Herman Johns and Linda Mullins.

2. Billy Ray Tratree, Plaintiff v B.P. (North America) Pipelines, Inc., Kelly Gleason & Roy Bowden, Defendant, original complaint filed with the United States District Court for the Southern District of Texas Galveston Division.
3. Ray Tratree's first response to BPA's response to EEOC complaint.
4. Ray Tratree's complaint or Grievance report to PACE Local 4-1 dated October 8, 2001, No. APL 01-004.
5. Roy Bowden's letter to Steve Lyle PACE Local 4-1 denying Ray Tratree complaint or grievance No. APL 01-004.
6. Ray Tratree's complaint or grievance report to PACE Local 4-1 dated October 9, 2001, No. APL 01-003.
7. Roy Bowden's letter to Steve Lyle PACE Local 4-1 denying Ray Tratree's complaint or grievance No. APL 01-003.
8. PACE 4-1 Seniority list identifying race and national origin dated March 2001.
9. Two different PACE 4-1 bumping options for Ray Tratree both dated September 18, 2001.
10. Memorandum of Understanding between company (defendant) and union dated May 8, 1996.
11. BPA document titled events related to Tratree bumping covering September 18 through September 26, 2001.
12. Letter from Thad Loomer to Miguel Rodriguez dated August 30, 1999, concerning possible layoffs.
13. A statement from Ray Tratree to Gary Bledsoe dated October 1, 2001.
14. Memorandum from Thad Loomer to Ray Tratree dated September 18, 2001 titled bumping options.

## ANALYSIS OF FACTS

This preliminary factual analysis is based on a review of the above referenced documents. Any final factual analysis is subject to discovery of additional relevant documents.

1. The Plaintiff complained to Defendant's officials that he was the victim of employment discrimination based on his race, Black, and age. Further, the Plaintiff alleged that his termination by the Defendant was in retaliation for complaining of employment discrimination and not as the result of a layoff.
2. Although the Defendant had a minimally sufficient policy prohibiting employment discrimination, there was no apparent procedures for responding to alleged complaints of discrimination. There was no documentation that the Defendant conducted any investigation of Plaintiff's repeated complaints.
3. The Defendant required an employee to have certain on-the-job training to move form one job classification to another classification. Although the Plaintiff requested such train, there was no documentation that the Defendant provided the opportunity for him to receive such training at a time or location compatible with his work schedule or job location. However, the Defendant did provide such training to a younger less senior, like or similarly situated White coworker.

2

4. The Plaintiff was classified as a Measurement Specialist I, referred to as an old classification, working in North Zulch, Texas ranked seventeenth (17th) in seniority. Grayson Williams, a younger, White, coworker was classified as a Field Specialist III, referred to as a new calcification, working in Mexia, Texas ranked thirty-two (32) in seniority. Although these were different classifications there was no documentation that the duties were _not_ like or similar.
5. According to the Bumping Guidelines for PACE Local 4-1, an employee in an old classification can bump an employee in a new classification if they are fully qualified. Qualified is defined, as having completed required modules, on-the-job training, and proficiency tests. As already stated, there was no verified documentation that the duties of Measurement Specialist I were different that the job duties of Field Specialist III. In addition, as previously stated, the Defendant did not accommodate the Plaintiff's request for training as they did for Grayson Williams. Therefore, the Plaintiff was denied the opportunity to bump a younger less senior White coworker.
6. According to the documentation I have reviewed, White employees subject to layoff who did not sign a bump slip or bump less senior employees, were allowed to retire and receive a severance package. At the time of the Plaintiff's termination, the Defendant did not provide him such an option as they did White employees.
7. Also the documentation I reviewed indicated that White employees who did not sign a bump slip could be placed in other positions within the company. According to the documentation reviewed, the Plaintiff was not offered this opportunity.

## OPINION

Although the Defendant does not have the burden of proof, based on preponderance of evidence, in a case of employment discrimination, the Defendant does have the burden of production to provide sufficient documentation to verify an articulated non-discriminatory reason for the personnel decision adversely effecting the Plaintiff. Subject to further discovery, the Defendant has failed to meet this burden. Minimus the Defendant meeting its burden of production in this case, there is an inference that discrimination was at least a factor in Plaintiff's termination as alleged based on a reasonable person standard.

Signed:

_[signature]_
Bill Hale
Bill Hale and Associates

_[signature]_
Date

3