IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY RAY TRATREE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-03-0954 |
| | § | |
| BP PIPELINES (NORTH AMERICA), INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion to Exclude Testimony of Arnie & Co. (Document No. 185). Having considered the motion, Defendant's response, the expert opinions offered by Arnie & Co. and the applicable law, the Magistrate Judge concludes Arnie & Co.'s expert opinions on the issue of mitigation of damages are inadmissible under the Federal Rules of Evidence 403. Therefore, for the reasons set forth in more detail below, Plaintiff's Motion to Exclude Testimony of Arnie & Co. is GRANTED in part, and DENIED in part.

**I.     Background**

This is an employment discrimination case involving the termination of Plaintiff Mr. Billy Ray Tratree from his work as a "measurement specialist" for Defendant BP Pipelines, Inc. The parties allege, and do not appear to dispute, Tratree had been employed at BP or its predecessor, Amoco, since 1978. Based on the record, BP experienced low volumes of crude oil passing through the Mexia/North Zulch area where Tratree was employed and eliminated Tratree's position in that area, on or about, September 27, 2001.

Tratree alleges several instances of racial discrimination throughout his twenty-three years of

employment with BP. He also alleges race and age discrimination in BP's refusal to allow Tratree, while allowing lesser qualified white employees, to "bump"[1] BP employees whose jobs he was fully qualified to perform.

Tratree seeks to exclude the opinions and proposed testimony of Arnie & Co. under Federal Rules of Evidence 403, 702, and 703 as unreliable, unduly prejudicial, confusing and calculated to mislead the jury. Specifically, Tratree argues BP has attempted to shift the burden of proof on the mitigation issue and ignores undisputed testimony. BP, in response, argues Arnie's opinions, which are based on a review of the record, survive a *Daubert* analysis of reliability, does not attempt to shift the burden of proof to Tratree and is, therefore, not unduly prejudicial.

**II.     Discussion**

### A.  The *Daubert* Factors and Federal Rules of Evidence 702

The district court has a "gate-keeping" role when determining the admissibility of expert testimony. *See Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000). The court must determine whether an expert is qualified and whether his testimony is reliable and relevant. The purpose is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *See Kuhmo Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1176 (1999); *Black v. Food Lion, Inc.,* 171 F.3d 308, 310 (5th Cir. 1999). The court should first decide whether *Daubert* applies, and then consider whether other factors not mentioned in *Daubert* are relevant to the case. *See Black*, 171 F.3d at 311-12.

---

[1] "Bumping" is a process BP employs whereby an employee whose job is eliminated may "bump," or replace, any person with less seniority for whose job he is qualified.

Here, a *Daubert* analysis is unwarranted with respect to Arnie's opinions on Tratree's employment history and mitigation efforts because it is not the methodology or expertise of Arnie which Tratree seeks to disqualify, but its disregard for undisputed facts in the record. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Arnie's opinions on whether Tratree sought employment after his termination in September 2001 offers no scientific, technical, or other specialized knowledge which may assist a trier of fact to understand the evidence. A trier of fact can determine for itself, based on testimony and work history in the record, whether Tratree engaged in reasonable employment efforts following his discharge from BP.

### B. Federal Rules of Evidence 403

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403. Arnie's opinions which counter undisputed facts may serve only to confuse or mislead the jury. For example, the statement Tratree has "failed to obtain any gainful employment since [September 2001]" offered on page 6 of Arnie's report unexplainably contradicts testimony that Tratree was gainfully employed at least two times since 2006. (Deposition of Billy Rae Tratree, November 18, 2008, at 30-31).

In *Sellers v. Delgado Community College*, the Fifth Circuit Court of Appeals reaffirmed its position that a Title VII claimant's obligation to mitigate damages does not require the claimant to accept a position noncomparable or inferior to his previous position. *Sellers v. Delgado Community College*, 839 F.2d 1132, 1137 (1988). Nor does the duty to mitigate damages require a claimant to remain in a noncomparable position accepted during the pendency of his claim. *Id.* Comparable, or substantially equivalent, employment for purposes of Title VII mitigation has been defined as employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated. *Id*. at 1138 (citing *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984)). Further, "'[a] discriminatee need not seek or accept employment which is... located an unreasonable distance from his home.'" *Sellers*, F.2d at 1138 (citing *NLRB v. Madison Courier, Inc.*, 472 F.2d 1307, 1319 (D.C.Cir. 1971)).

The Fifth Circuit has outlined an employer's burden of proof as follows:

> The employer in a Title VII case has the burden of proving that a claimant has not exercised due diligence in seeking comparable employment after an unlawful discharge. *Marks*, 633 F.2d at 1125. To meet this burden, it has been consistently held that an employer must demonstrate that comparable work was available and the claimaint did not seek it out. *See Hanna v. American Motors Corp.*, 724 F.2d 1300, 1307 (7th Cir.), *cert. denied*, 467 U.S 1241, 104 s.Ct. 3512, 82 L.Ed.2d 821 (1984); *Rasimas*, 714 F.2d at 623-24; *Jackson v. Shell Oil Co.*, 702 F.2d 197, 201-02 (9th Cir. 1983). If an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not have to establish the availability of substantially comparable employment. *See Madison Courier*, 472 F.2d at 1307.

*Sellers*, F.2d. at 1139. BP has not met this burden.

In the instant case, because the record indicates Tratree did engage in employment efforts

4

following his termination, BP has not yet met its burden to demonstrate there was comparable work available to Tratree within a reasonable distance from his home in Mexia, Texas. A reasonable distance is one which would allow Tratree to remain in the general geographic area as his pre-termination work. *Madison Courier*, 472 F.2d at 1319. Thus far, BP and its expert Arnie have only alluded to employment options in cities in Texas and Louisiana not less than 150 miles from Tratree's home. Absent BP meeting this burden, expert testimony by Arnie on the mitigation issues would be more prejudicial to Tratree than probative within the meaning of Rule 403.

Therefore, because BP has failed to meet its burden of proof, Arnie may not offer its opinions with respect to its evaluation of Tratree's mitigation efforts. Arnie may, however, offer its opinions contained in its report which are unrelated to the mitigation issue.

### III.   Conclusion and Order

Based on the foregoing, and the conclusion Arnie & Co.'s expert testimony on the mitigation issue would result in unfair prejudice to Tratree and, therefore, is inadmissible under the Federal Rules of Evidence 403, it is

ORDERED that Plaintiff's Motion to Exclude Testimony of Arnie & Co. (Document No. 185) is GRANTED in part, and DENIED in part.

Signed at Houston, Texas, this 11th day of March, 2009.

Frances H. Stacy
United States Magistrate Judge