**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BILLY RAY TRATREE, | } | |
| | } | |
| *Plaintiff*, | } | |
| v. | } | Civil Action No. H-03-954 |
| | } | |
| BP PIPELINES (NORTH AMERICA) INC., | } | |
| | } | |
| *Defendant*. | } | |

**OPINION AND ORDER**

Presently before the Court are Plaintiff Billy Ray Tratree's (Tratree) motion for partial summary judgment on Defendant BP Pipelines (North America) Inc.'s (BP) affirmative defense of failure to mitigate damages (Doc. 184), Plaintiff's motion to exclude exhibits 10, 11, 12, and 13 to Defendant's response (Doc. 194), Defendant's motion for partial summary judgment on Plaintiff's damages (Doc. 201), and objections to orders issued by Magistrate Judge Frances Stacy (Judge Stacy) (Docs. 165, 204, & 224). The Court has reviewed and considered these documents, the responses and replies thereto, the entire record in this cause, and the controlling legal authority and sets forth its rulings on each of these matters below.

I.        Background and Relevant Facts

Plaintiff Tratree worked for BP and its predecessor from 1978 until 2001. In 2001, he was employed on a section of pipeline running from Mexia to Hufsmith (the Mexia Line). Tratree was one of two pipeline workers assigned to the Mexia line. His coworker was Grayson Williams (Williams), and his team leader was Roy Bowden (Bowden). Bowden reported to Kelly Gleason (Gleason), the area manager responsible for the majority of east Texas.

As a union member, Tratree was a party to the union's collective bargaining agreement with BP (the CBA). The CBA comprehensively governs the relationship between BP and its workers. Under the CBA, a union member whose position is eliminated has the right to take the job of any junior, less qualified worker. The CBA provides workers with five days to select the position they will take. This process is known as bumping.

In 1995, BP and the union introduced a policy they called "multi-skilling." The core of multi-skilling was introducing a new system of employee classifications. Under the old system of classifications, employees were classified according to their function. Under the new system, employees were trained to perform various functions. Transferring from an old to a new classification involved three steps. First, the transferring employee needed to complete modules of home study; then, coordinate and undergo field training; and, finally, be tested and checked-off by a qualified trainer or supervisor.

In 2001, BP decided to eliminate one of the pipeline worker positions on the Mexia line. As Gleason and Bowden both testified, the Mexia line had been performing badly, and, as such, BP had decided to decommission it. Tratree was the least qualified employee working on the Mexia line at this time. Despite having received his check-off to become a Field Specialist III (new classification), Tratree had chosen to remain a Measurement Specialist I (old classification). Tratree's co-worker, Williams, had, in the meantime, become a Field Specialist II (new classification).

On September 18, 2001, BP informed Tratree that it was eliminating his position. Thad Toomer (Toomer) of Human Resources provided Tratree with his bumping options, which were accompanied by a letter advising Tratree that he had five days to make his selection. Despite attempts by Tratree's supervisors, co-workers, and union brothers to convince him to

sign his bumping options, Tratree refused.  On September 25, 2001, seven days after Tratree was issued his bump sheet, Richard Hardwick (Hardwick) met with Tratree at the Mexia station. Hardwick asked Tratree if he was going to sign his bump sheet.  Tratree replied that he would not and that "BP will just have to do what it has to do."  Hardwick then informed him that he was terminated.  Tratree was forty-nine years old at the time.

After filing a complaint with the EEOC and receiving a right to sue letter, Tratree filed the instant case asserting claims for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e, and Section 1981, 42 U.S.C. § 1981.  In its March 9, 2006, Memorandum and Order (Doc. 72), the Court granted BP's motion for summary judgment on Tratree's ADEA failure-to-promote, Title VII, and Section 1981 claims but denied BP's motion for summary judgment on Tratree's discrimination and retaliation claims under the ADEA.  After four days of trial, at the close of Plaintiff's case, the court granted BP's motion for a directed verdict on Tratree's claims of discrimination and retaliation under the ADEA (Doc. 131).  The Fifth Circuit Court of Appeals affirmed the dismissal of Plaintiff's failure-to-promote and age retaliation claims but vacated the dismissal of and remanded his race discrimination and age discrimination claims (Doc. 149).

There are three motions pending before the Court: Plaintiff's motion for partial summary judgment on Defendant's affirmative defense of failure to mitigate damages (Doc. 191), Plaintiff's motion to exclude exhibits 10, 11, 12, and 13 to Defendant's response (Doc. 194), and Defendant's motion for partial summary judgment on Plaintiff's damages (Doc. 201). Additionally, the parties have objected to Judge Stacy's rulings in three of her orders.  Plaintiff objects to Judge Stacy's order denying his motion for leave to file a third amended complaint (Doc. 165).   Defendant objects to the order granting-in-part and denying-in-part Plaintiff's

motion to exclude opinion testimony of Arnie & Co. (Doc. 204) and to the order compelling it to produce privileged documents (Doc. 224).  The Court addresses the parties' arguments herein.

II.        Objections to Judge Stacy's Orders

Objections have been filed to the following orders of Judge Stacy: August 25, 2008, Order denying Plaintiff's motion for leave to file an amended complaint (Doc. 162), March 11, 2009, Order granting-in-part and denying-in-part Plaintiff's motion to exclude opinion testimony of Arnie & Co. (Doc. 196), and April 9, 2009, Order compelling Defendant to produce privileged documents (Doc. 218).

Pursuant to Fed. R. Civ. P. 72(a), the District Judge may consider any objections filed by a party on a non-dispositive matter referred to the Magistrate Judge and either modify or set aside the Magistrate Judge's order if it is "clearly erroneous" or "contrary to law."  *United States v. Kennedy*, Civil Action No. H-07-3437, 2008 WL 4200780, at *1 (S.D.Tex. Sept. 9, 2008) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984); *United Steelworkers of Am., AFL-CIO v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1006 (3d Cir. 1987); *Brown v. Wesley's Quaker Maid Inc.*, 771 F.2d 952 (6th Cir. 1985)).

The Court has reviewed and considered Judge Stacy's orders, the parties' respective objections to them, and the responses and replies to those objections.  In doing so, the Court has found that Judge Stacy's orders denying Plaintiff's motion for leave to file and granting-in-part and denying-in-part Plaintiff's motion to exclude opinion testimony of Arnie & Co. are neither "clearly erroneous" nor "contrary to law."  As such, the parties' objections to each of these orders (Docs. 165 & 204) are overruled.  The Court, however, finds that Judge Stacy's order compelling Defendant to produce privileged documents is "clearly erroneous" and "contrary to law."  As Defendant contends in its objection, these four email communications are

- 4 -

privileged documents under *Upjohn Co. v. USA*, 449 U.S. 383 (1981).  Accordingly, Defendant's

objection to this order (Doc. 224) is sustained.

III.          Motion to Exclude Evidence

Before it addresses the parties' respective motions for partial summary judgment,

the Court shall rule on Plaintiff's objections to various exhibits attached to Defendant's response.

Fed. R. Civ. P. 56(e) states, in pertinent part,

> A supporting or opposing affidavit must be made on personal
> knowledge, set out facts that would be admissible in evidence, and
> show that the affiant is competent to testify on the matters stated. If
> a paper or part of a paper is referred to in an affidavit, a sworn or
> certified copy must be attached to or served with the affidavit. The
> court may permit an affidavit to be supplemented or opposed by
> depositions, answers to interrogatories, or additional affidavits.

Fed. R. Civ. P. 56(e).  In the Fifth Circuit, it is well settled that "the admissibility of summary

judgment evidence is subject to the same rules of admissibility applicable to a trial."  *Pegram v.*

*Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (quoting *Resolution Trust Corp. v. Starkey*,

41 F.3d 1018, 1024 (5th Cir. 1995)).

Exhibit 10 to Defendant's response is the affidavit of Maxine Moore (Moore), the

Corsicana, Texas Branch Manager for Instaff.  Plaintiff objects to this affidavit because this is

the first time in seven years of litigation this witness is being disclosed.  Additionally, Plaintiff

contends that the affidavit is conclusory, contains hearsay, and does not identify how Moore has

personal knowledge of the facts stated in the affidavit.  As Defendant asserts in its response, it is

offering Moore's affidavit solely as impeachment evidence in accordance with Fed. R. Civ. P.

26(a)(1)(A)(i).  The Court has reviewed Moore's affidavit and disagrees with Plaintiff's assertion

that the affidavit is conclusory and contains hearsay.  Moore is simply stating facts that are

within her personal knowledge as the Corsicana, Texas Branch Manager and that are based upon

her review of Tratree's résumé.  The level of detail in Moore's affidavit and the fact that she has never personally interacted with Plaintiff go to the weight, rather than to the admissibility, of her affidavit.  As such, Plaintiff's objection is overruled.

Exhibit 11 to Defendant's response is the affidavit of Andre Parker (Parker), an employee with BP for 16 years.  Plaintiff objects to this affidavit and contends that it is conclusory and that it fails to demonstrate the basis for Parker's knowledge of job duties at other companies.  Parker was Plaintiff's supervisor at one time, and he was also the supervisor on the area of pipeline now owned by Teppco Crude Pipeline, Inc. (Teppco), one of the companies listed in paragraph 3 of his affidavit.  While it is within Parker's personal knowledge to testify about his supervisory roles at BP and Teppco, it is not within his personal knowledge to testify about the other 11 companies listed in paragraph 3 of his affidavit.  As such, this portion of his affidavit must be stricken from the record.  This objection is granted-in-part and denied-in-part.

Exhibits 12 and 13 to Defendant's response are newspaper clippings from the Houston Chronicle's Classifieds section.  Plaintiff objects to these exhibits on hearsay grounds.  However, as Defendant points out in its response, it is not offering these clippings for the truth of the matter asserted therein.  Rather, it is offering them to show that Tratree never applied for or inquired about the job postings in an attempt to establish that Tratree failed to diligently seek employment.  Thus, the Court overrules Plaintiff's hearsay objections to exhibits 12 and 13.

IV.        Motions for Partial Summary Judgment

A.        Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).  The substantive law governing the suit identifies the essential elements of the claims at issue and, therefore, indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.   The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).   To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102

F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The non-movant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins*, Inc., 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party.  *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).  The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).

B.      Plaintiff's Motion for Partial Summary Judgment

Plaintiff has filed a motion for partial summary judgment on Defendant's affirmative defense of failure to mitigate damages.

A plaintiff suing for back pay has a duty to mitigate his damages. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (citing *Hansard v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 865 F.2d 1461, 1468 (5th Cir. 1989)).  The plaintiff is required to use "reasonable diligence to obtain substantially equivalent employment."  *Id.* at 393 (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998).

In *Sellers v. Delgado Community College*, 839 F.2d 1132 (5th Cir. 1988), the Fifth Circuit reaffirmed its position that a Title VII claimant's obligation to mitigate damages does not require him to accept a position noncomparable or inferior to his previous position. *Sellers*, 839 F.2d at 1137.  Nor does the duty to mitigate damages require a claimant to remain in a noncomparable position accepted during the pendency of his claim.  *Id.*  Comparable, or substantially equivalent, employment for purposes of Title VII mitigation has been defined as employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated.  *Id.* at 1138 (citing *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)).  Furthermore, "'[a] discriminatee need not seek or accept employment which is . . . located an unreasonable distance from his home.'" *Sellers,* 839 F.2d at 1138 (citing *NLRB v. Madison Courier, Inc.*, 472 F.2d 1307, 1319 (D.C.Cir. 1971)).

The employer in such a case has the burden of proving that a claimant has not exercised due diligence in seeking comparable employment after an unlawful discharge.  *Sellers*, 839 F.2d at 1139 (citing *Marks v. Prattco, Inc.*, 633 F.2d 1122, 1125 (5th Cir. 1980).  To meet

this burden, an employer must demonstrate that comparable work was available and that the claimant did not seek it out. *Id.* (citing *Hanna v. American Motors Corp.*, 724 F.2d 1300, 1307 (7th Cir. 1984); *Rasimas,* 714 F.2d at 623-24; *Jackson v. Shell Oil Co.,* 702 F.2d 197, 201-02 (9th Cir. 1983)).  If an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not have to establish the availability of substantially comparable employment. *Id.* (citing *Madison Courier*, 472 F.2d 1307).

The Court has reviewed the parties' respective arguments on the affirmative defense of failure to mitigate damages.  In view of the legal standards as set forth above, the Court declines to grant either party a partial summary judgment and finds that there are various issues of material fact that must be resolved by the jury at trial.

C.     Defendant's Motion for Partial Summary Judgment

Defendant has filed a motion for partial summary judgment arguing that Plaintiff has suffered no damages.  Specifically, Defendant contends that because Tratree chose to disregard and refuse its offer of employment in accordance with the bump sheet and CBA, the Defendant is not liable for back pay damages.  Additionally, Defendant asserts that Tratree has not suffered any damages since May 2005 when it fully divested the pipeline on which Tratree worked thus eliminating all positions on it.  Finally, Defendant argues that Tratree has not incurred any costs associated with replacing lost insurance benefits and, as such, may not recover damages for them.  The Court finds that each of these arguments and the responses thereto present material issues of fact for a jury to consider at trial.

V.     Conclusion

Accordingly, the Court hereby ORDERS that Plaintiff's motion for partial summary judgment on Defendant's affirmative defense of failure to mitigate damages (Doc. 184)

is DENIED; Plaintiff's motion to exclude exhibits 10, 11, 12, and 13 to Defendant's response (Doc. 194) is GRANTED-IN-PART and DENIED-IN-PART; Defendant's motion for partial summary judgment on Plaintiff's damages (Doc. 201) is DENIED; the objections to Judge Stacy's orders (Docs. 165 & 204) are OVERRULED; and the objection to Judge Stacy's order (Doc. 224) is SUSTAINED.

SIGNED at Houston, Texas, this 22nd day of May, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE